**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **Kamla Yocum,** )<br>)<br>   **Plaintiff,** )<br>)<br>v. )<br>)<br>**Michael Swindle et al,** )<br>)<br>   **Defendant.** )<br>) | Case No. 20-cv-00464-GKD-CDL |

**SETTLEMENT CONFERENCE ORDER**

**READ CAREFULLY:  This Order has been revised in light of COVID-19.**

**Until further notice from the Court, Parties and lawyers will not be ORDERED to physically attend a Settlement Conference either at the Court or elsewhere.  However, Parties must participate in a scheduled Settlement Conference by video or telephonic conference as directed by the Settlement Judge and/or agreed to by the Parties.  (If some or all of the Participants agree to physically appear for a Settlement Conference and the settlement judge also agrees, then a personal conference <u>may</u> be held.)**

This case is scheduled for Settlement Conference before **Adjunct Settlement Judge R. Scott Savage on May 17, 2021, at 9:30 a.m.**  Because of the COVID pandemic and other developments, the Court has limited resources; thus, the Participants must be prepared to negotiate within any time limit set by the Court.  Counsel will be advised how to access the video or telephonic conference.  Counsel is responsible for conveying this information to his/her client.

The Conference is governed by the following directives. This case has been assigned for a settlement conference through the Court-sponsored Alternative Dispute Resolution (ADR) program.  Specific requirements imposed by this Court are set forth in its Local Rules.  *See* LCvR16.2.  Counsel must familiarize themselves with the Local Rule and this Settlement Conference Order.  More information on the Court's ADR program is contained in an excellent law journal article, Cheryl L. Baber, "Alternative Dispute Resolution in the United States District

Court for the Northern District of Oklahoma," 36 Tulsa L.J. 819 [Summer 2001]. A link to the article is available on the Court's web site: http://www.oknd.uscourts.gov

Your settlement conference will be held before either a United States Magistrate Judge or one of the Court's Adjunct Settlement Judges. LCvR16.2(c). All Parties and lead Counsel are **ORDERED TO PARTICIPATE** in a Settlement Conference, on the date and time set forth above. The following are obligations of the Parties and Counsel and the Court's expectations with regard to the conference. These obligations are **mandatory**. Failure to comply with this Settlement Conference Order may result in an award of sanctions against the non-compliant Party/Counsel.

All civil cases set on a trial docket in this District are scheduled for settlement conference. The vast majority of civil cases settle before trial. Therefore, Parties and Counsel need to prepare for settlement conference as seriously as they prepare for trial. Parties are required to advise the Court should the case settle or is otherwise disposed of before the scheduled settlement conference.

I

PRE-CONFERENCE OBLIGATIONS

Counsel are directed to discuss the settlement conference, the requirement of full settlement authority and parameters of settlement with their clients and insurance representatives before the conference. Counsel should discuss settlement with their clients and with each other so that all settlement issues have been identified and the elements of a settlement have been explored well in advance of the conference.

A. **Obligations of Each Participant**

Prior to the Settlement Conference, each side must provide a written Settlement Conference Statement outlining the party's position on settlement of the case. These statements shall be no more than five (5) pages in length and are **not to be filed.** All communications related to the Settlement Conference Statements and the Conference itself are strictly confidential. The Statements should be submitted directly to the judge(s) indicated below :

**United States Magistrate Judge Christine D. Little**
333 W 4th Street, U.S. Courthouse
Tulsa, OK 74103
adr_oknd.uscourts.gov

**Adjunct Settlement Judge R. Scott Savage**
Moyers Martin
401 South Boston, Suite 1100
Tulsa, OK 74103
918-582-5281 (W)
ssavage@moyersmartin.com

**\*\*\*PLEASE E-MAIL YOUR STATEMENTS\*\*\***

In the Settlement Conference Statement each side should outline its view of the material legal and factual issues that it believes will determine the outcome of the case; however, the purposes of the Settlement Conference are not served when counsel makes statements of the type generally expected during closing argument.

**PLAINTIFF:** On or before **May 3, 2021**, the Plaintiff must provide to all opposing counsel, the Settlement Judge and Magistrate Judge Little a Settlement Conference Statement outlining his/her view of the material legal and factual issues in the case. This Statement **must** also include the following:

- The name and role of each person expected to be available for the conference;
- The name and title of the person expected to be available with settlement authority[1]
- A summary of claims;
- An itemization of damages;
- A discussion of liability and damages; and
- The Plaintiff's settlement demand and explanation.

**DEFENDANT:** On or before **May 10, 2021,** the Defendant must provide to all opposing counsel, the Settlement Judge and Magistrate Judge Little a Settlement Conference Statement outlining his/her views of the material legal and factual issues in the case. The Statement **must** also include the following:

- The name and role of each person expected to participate in the conference;
- The name and title of the person expected to participate with settlement authority[2];
- A summary of defenses;
- Discussion of liability and damages; and

---

[1] The Court expects that either the named person, or, in the event of unforeseen events, a different person of equivalent organization rank will be available.
[2] See note 1, *supra*.

- The Defendant's settlement offer and explanation.

### B. Participation of Parties Required

Unless excused by the Settlement Judge, all Parties must fully participate in the settlement conference. The lead Counsel who will try the case must also participate in the conference along with any individual who has authority to settle the case. The purpose of this requirement is to have a person available for each party who can, in his or her discretion, settle the case during the conference without consulting a superior. This requires the following:

a) Corporation or other such entity. A corporation must be represented by a person (other than outside counsel) who is authorized to settle, can exercise independent negotiation and settlement judgment, and knows the facts of the case.

b) Government entity. A governmental unit or agency must be represented by a person who has, to the greatest extent feasible, authority to settle, and who knows the facts of the case, the governmental unit's positions, and the procedures and policies under which the governmental unit decides whether or not to accept a proposed settlement. In addition, the person participating in the conference on behalf of the government must, prior to the conference, ascertain the ultimate decision-maker in the agency and ensure that that person is fully versed on the issues in the case. If the action is brought by the government on behalf of one or more individuals, at least one such individual must also participate.

If the person participating in the settlement conference does not have settlement authority this must be made clear to all parties and the settlement judge **before** the settlement conference with an explanation why the person appearing lacks full authority and why the settlement conference should still go forward.

If Board approval is required to authorize settlement, participation of the entire Board is requested. The participation of at least one sitting Board member (preferably the Chairman) is **absolutely required.**

### C. Insurance Representative's Participation Required

An insured party shall participate with a representative of the insurer who is authorized to negotiate and to settle the matter within policy limits. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

II

**PROCEDURE AT THE CONFERENCE**

Generally, the Settlement Conference will follow a typical mediation format. Each side will be given an opportunity to explain its view of the case. This will be followed by joint discussion and private caucuses. Among the issues the Parties should be prepared to discuss are their objective(s) in the litigation; any issues outside the lawsuit that need to be resolved; the strengths and weaknesses of the case; agreements and disagreements as to facts and law; impediments to settlement; available remedies; and any creative possibilities that might settle the case.

The written settlement conference statements and oral statements made during the settlement conference may not be used for any purpose outside of the settlement conference or a proceeding to enforce a settlement agreement reached at the conference. Therefore, parties are encouraged to speak openly and frankly about the issues in the case.

For many clients this will be their first experience with a Settlement Conference; therefore, counsel shall provide the client or insurance representative with a copy of this Order and the Court's ADR brochure (available at the Court's web site) and discuss the Party's obligations before the conference. The Court expects that both the lawyers and party representatives will be fully prepared to participate meaningfully in the process.

III

**SETTING**

**Continuances Discouraged:** Settlement Conferences require the reservation of large blocks of time and scheduling adjustments by the Court and Settlement Judge. The administrative burden of rescheduling a conference is significant; thus, applications for the continuance of a settlement conference are <u>generally</u> discouraged. If it becomes apparent that the conference as scheduled will likely be a waste of time, the **attorneys must immediately notify** Magistrate Judge Christine D. Little or the assigned Adjunct Settlement Judge so that appropriate action can be taken. **This should be done well before the scheduled conference.**

An application to reschedule a conference for the convenience of any party will ordinarily not be entertained unless the application is submitted to the Settlement Judge in writing as least seven (7) days prior to the conference. Any such application must contain both a

statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party.

**NOTE: Parties and counsel are reminded that settlement conferences are scheduled separately from the trial judge's trial deadlines. Thus, if the trial schedule is amended, the settlement conference schedule is not automatically amended. Requests to revise the settlement conference schedule must be made separately from a request to amend the trial judge's Scheduling Order.**

## IV
## STRIKING A SETTLEMENT CONFERENCE

All civil cases filed in this District are expected to go through the settlement process. If the parties believe that exceptional circumstances exist making a settlement conference inappropriate, they should file an Application advising the assigned trial judge of these circumstances and requesting that the conference be stricken. This must be done well before the scheduled conference and the circumstances justifying such action must be truly exceptional.

## V
## NOTIFICATION OF PRIOR SETTLEMENT

In the event a settlement between the parties is reached before the Settlement Conference date, Parties are to notify the Settlement Judge immediately.

## VI
## CONSEQUENCES OF NON-COMPLIANCE

This is a Court Order. Upon certification by the Settlement Judge or Adjunct Settlement Judge of circumstances showing non-compliance with this Order the trial judge or the assigned Magistrate Judge may take any corrective action permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses and attorney fees, together with any additional measures deemed by the Court to be appropriate under the circumstances.

IT IS SO ORDERED this 1st day of December, 2020.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge